IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TROY W. SIMMONS, D.D.S., P.C. and | § | |
| TROY W. SIMMONS, D.D.S., | § | |
|     Plaintiffs, | § | |
| | § | CASE NO. 6:17-CV-557-RWS-KNM |
| v. | § | |
| | § | |
| CHARLES SMITH, Executive | § | |
| Commissioner of the Texas Health and | § | |
| Human Services Commission, in His | § | |
| Official Capacity, | | |
|     Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge (the "Report"), which contains her findings, conclusions, and recommendations regarding Defendant Charles Smith's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docket No. 11), has been presented for consideration. The Report, filed on July 20, 2018, recommends that Defendant's Motion be granted. Having made a *de novo* review of the written objections filed by Plaintiffs, the Court concludes that the findings of the Magistrate Judge are correct and the objections are without merit. It is accordingly

**ORDERED** that Plaintiffs' objections are **OVERRULED** and that the Magistrate Judge's Report (Docket No. 11) is **ADOPTED** as the opinion of this Court. It is further

**ORDERED** that Defendant's Motion (Docket No. 7) is **GRANTED** and that the case is **DISMISSED WITH PREJUDICE**.

I. **Standard of Review and Reviewability**

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation *de novo*. *See* FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a *de novo* review examines the entire record and makes an independent assessment under the law. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), superseded by statute on other grounds.

II. **Plaintiffs' Objections**

Plaintiffs filed written objections to the Report arguing that: (1) the Report omitted relevant facts that would negate Defendant's sovereign immunity; (2) the Defendant waived any Eleventh Amendment immunity defense under Texas law; and (3) the Eleventh Amendment is not applicable to the cause of action in this case. *See* Docket No. 12. The Court addresses each in turn.

Plaintiffs allege that several important facts are omitted in the Report, including two administrative orders from the Texas State Office of Administrative Hearings in Docket No. 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, Order No. 5 Denying OIG's Motion to Dismiss for Failure to File a Timely Notice of Appeal and Order No. 10 Cancellation of Hearing and Remand of Matter to the Texas Health and Human Services Commission for Final Administrtive (sic) Action. *See* Docket No. 12 at 1-2. Plaintiffs request this Court to take judicial notice of Order Nos. 5 and 10. *Id.*

A court may take notice of an adjudicative fact that is "not subject to reasonable dispute[.]" FED. R. EVID. 201. Here, there appears to be a dispute as to the meaning of the orders. *Compare* Docket No. 9 at 7 ("Order Nos. 5 and 10 did not instruct or require Defendant to take any action

whatsoever.") *with* Docket No. 12 at 2 ("The Administrative Law Judge . . . held that the Plaintiffs timely filed their Notice of Appeal of the Defendant's determination and that it was incumbent upon the Defendant to docket the case before the State Office of Administrative Hearings and to diligently prosecute its cause of action."). In light of this dispute, the Court cannot take judicial notice of the substantive meaning of the orders. Regardless, Order Nos. 5 and 10 do not impact the Court's determination that Defendant is entitled to sovereign immunity.

The Eleventh Amendment deprives federal courts of subject-matter jurisdiction over suits brought by private parties against sovereign states. *See*, *e.g.*, *Nelson v. Univ. of Tex. at Dall.*, 535 F.3d 318, 320 (5th Cir. 2008). Eleventh Amendment immunity also "extends to state officials who are sued in their official capacities . . . ." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011).

Here, Defendant is being sued in his official capacity as the Executive Commissioner of the Texas Health and Human Services Commission ("HHSC"), which is a state agency. *See Cephus v. Tex. Health and Human Servs. Comm'n*, 146 F. Supp. 3d 818, 827 (S.D. Tex. 2015). Plaintiffs' Complaint states, "Charles Smith succeeded Chris Traylor as Executive Commissioner of the Texas Health and Human Services Commission. Mr. Smith is being substituted as the Defendant *in his official capacity*." Docket No. 1 at 2 n.1 (emphasis added). Plaintiffs' objections contain a footnote with identical language. *See* Docket No. 12 at 3 n. 1. Thus, Defendant is entitled to Eleventh Amendment Immunity as an arm of the sovereign state, unless an exception applies. *See McKinley*, 643 F.3d at 406.

There are two exceptions that would negate Defendant's Eleventh Amendment immunity—the *Ex parte Young* exception and the *ultra vires* exception.

The *Ex parte Young* exception to Eleventh Amendment immunity is a narrow exception that allows a state official to be sued for prospective equitable relief for an ongoing violation of

federal law. *Ex parte Young*, 209 U.S. 123 (1908). Here, Plaintiffs seek "a permanent injunction that all funds that have been retained by the Defendant as a consequence of the payment hold be released and immediately forwarded to the Plaintiffs." Docket No. 1 at 4. However, "*Ex parte Young* cannot be used to obtain an injunction requiring the payment of funds from the State's treasury," *Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 256-57 (2011), and "[f]ederal courts may not award retrospective relief, for instance money damages or its equivalent, if the State invokes its immunity[,]" *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citation omitted). Therefore, the *Ex parte Young* exception does not negate Defendant's Eleventh Amendment immunity because Plaintiffs seek retrospective monetary damages that would be paid from the State's treasury, as opposed to prospective equitable relief for an ongoing violation of federal law.

Plaintiffs' objections also reiterate their argument that Defendant has no Eleventh Amendment immunity because the Defendant acted outside the scope of his authority, or *ultra vires*, in continuing to withhold payments from Plaintiffs after the dismissal of the administrative action. Docket No. 12 at 3-8. However, the Office of Inspector General ("OIG"), a branch of the HHSC, "may recoup from any person if it determines that the person . . . causes or receives an overpayment." 1 TEX. ADMIN. CODE § 371.1711(b)(5). Initially, the OIG may impose a payment hold "upon the determination a credible allegation of fraud exists." 1 Tex. Admin. Code § 371.1709(a)(3). Then, "[a]fter a payment hold is terminated for any reason, the OIG may retain the funds accumulated during the payment hold to offset any overpayment, criminal restitution, penalty or other assessment . . . ." 1 TEX. ADMIN. CODE § 371.1709(e)(2). Once the OIG concludes its investigation, Texas law states that, "a sanction becomes final upon . . . expiration of 30 calendar days after service of the notice of final sanction if no request for appeal of imposition of the

sanction is received by the OIG by the 30th calendar day after service[.]" 1 TEX. ADMIN. CODE § 317.1617(a)(1).

Here, the OIG had authority to impose a payment hold in October 2012 because the OIG found a credible allegation of fraud and notified Plaintiffs that it had determined that Simmons committed program violations in the Medicaid program. Docket No. 7 at 2. Because Plaintiffs did not contest the Final Notice of Overpayment sent in November 2013, the OIG's determination of overpayment became final. *See* 1 TEX. ADMIN. CODE § 317.1617(a)(1). Once the determination became final and the payment hold was terminated, the OIG acted within its authority to offset the overpayment with funds accumulated during the payment hold. *See* 1 TEX. ADMIN. CODE § 371.1709(e)(2).

Defendant is accordingly entitled to Eleventh Amendment immunity because the OIG acted within its scope of authority and Defendant is being sued in his official capacity for retrospective monetary damages.

Next, Plaintiffs reassert their cause of action under 42 U.S.C. § 1981 for violation of their Fourteenth Amendment rights. Docket No. 12 at 8. However, Plaintiffs failed to articulate why their suit is not barred by the Eleventh Amendment and failed to provide any additional authority for the Court to consider. Plaintiffs' § 1981 claim is barred by the Eleventh Amendment because, as discussed in more detail in the Report, there was no express waiver of immunity by the state or through a federal statute for § 1981 claims. *See Cephus*, 146 F. Supp. 3d at 828 (finding that the HSCC retains its sovereign immunity against § 1981 claims); *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir. 1981).

Finally, Plaintiffs assert that their cause of action pursuant to the Federal Declaratory Judgment Act ("FDJA") would not impose a financial liability upon the treasury of the State of

Texas. Docket No. 12 at 8. However, the FDJA does not provide an independent basis for subject-matter jurisdiction. *See* 28 U.S.C. § 2201; *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Because there is no independent basis for subject-matter jurisdiction, the FDJA alone does not provide the Court with subject-matter jurisdiction.

**III.    Conclusion**

Having made a *de novo* review of the written objections filed by Plaintiffs in response to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. It is accordingly

**ORDERED** that Plaintiffs' objections are **OVERRULED** and that the Magistrate Judge's Report (Docket No. 11) is **ADOPTED** as the opinion of this Court. It is further

**ORDERED** that Defendant's Motion (Docket No. 7) is **GRANTED** and that the case is **DISMISSED WITH PREJUDICE**.

**SIGNED this 7th day of September, 2018.**

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE